IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10537
Conference Calendar
_____

RUDY GARCIA, JR.,

                                        Plaintiff-Appellant,

versus

GERALD GARRETT, Chairman Texas
Board of Pardons/Paroles sued
in his individual and official
capacity; VICTOR RODRIGUEZ,
Director sued in his Individual
and Official Capacity; CARL
JEFFERIES, Interim Director
Texas Department of Criminal
Justice Parole Division sued
in his individual and official
capacity, BRYAN COLLIER,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-40-A
- - - - - - - - - - -
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Rudy Garcia, Jr., Texas prisoner # 851894, appeals from the

dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b).  He contends that he does not fall

under Tex. Gov't Code Ann. § 508.149's list of inmates who are

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ineligible for mandatory supervision.  He seeks injunctive relief declaring that he is eligible for mandatory supervision.

When a state prisoner such as Garcia is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  Accordingly, the district court did not err in dismissing his complaint.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  The judgment of the district court is AFFIRMED.